IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARVIN L. WHISBY and COMEIKO R. WHISBY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:12-CV-55(MTT) |
| BANK OF AMERICA, N.A., et al., | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

This matter is before the Court on Defendant Bank of America N.A.'s ("BANA")

Motion to Dismiss.  (Doc. 7).  For the reasons set forth below, the Motion is granted.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

This action involves a residential mortgage loan transaction and the non-judicial

foreclosure of real property located at 140 Montrose Drive, Macon, Georgia.  On

November 10, 2006, Plaintiffs Marvin and Comeiko Whisby executed a promissory note

to obtain a loan in the original principal amount of $164,000.00.  (Doc. 7-1).[2]  To secure

repayment of the loan, the Plaintiffs executed and delivered to the lender, America's

Wholesale Lender ("AWL"), a security deed conveying the property to Mortgage

---

[1] Because the Plaintiffs' Complaint lacks detail, the facts are taken largely from the Defendant's Motion to Dismiss.  The Plaintiffs do not quarrel with the Defendant's recitation of the facts.  The Court will, of course, still accept all well-pleaded facts as true and will resolve all reasonable inferences therefrom in the light most favorable to the Plaintiffs.

[2] The Court may properly consider the promissory note without converting the motion to dismiss into a motion for summary judgment because the document is central to the Plaintiffs' claims and its authenticity has not been challenged.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and the lender's successors and assigns. (Doc. 7-2).[3]  The Plaintiffs signed and initialed each page of the security deed, which includes a power of sale entitling the lender to institute foreclosure proceedings in the event the Plaintiffs default on their loan obligation.  At some point thereafter, it is not clear when exactly, the Plaintiffs did indeed default on their loan obligation, and the property was foreclosed upon on January 3, 2012.

The Plaintiffs filed their Complaint on February 10, 2012, alleging numerous causes of action related to their mortgage and the foreclosure on the property. Defendant BANA has moved the Court to dismiss all claims asserted against it.[4]

## II.  DISCUSSION

The Federal Rules of Civil Procedure employ a notice pleading standard, which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable

---

[3] The Court may take judicial notice of public records, such as the security deed, and may consider them on a motion to dismiss without converting the motion to one for summary judgment. *Universal Express, Inc. v. United States Sec. Exch. Comm'n* 177 Fed. Appx. 52, 53 (11th Cir. 2006).

[4] Neither Defendant Promiss Solutions, LLC nor Defendant Johnson and Freedman, LLC, who does not appear to have been served, has filed a motion to dismiss.  This Order therefore has no effect on the Plaintiffs' claims against these Defendants.

to the plaintiff."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)

(internal quotations and citation omitted).  However, "where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 129

S. Ct. at 1950 (internal quotations and citation omitted).  "[C]onclusory allegations,

unwarranted deductions of facts or legal conclusions masquerading as facts will not

prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.

2002).

Although complaints filed by pro se litigants are to be liberally construed, pro se

plaintiffs have "no license to harass others, clog the judicial machinery with meritless

litigation, and abuse already overloaded court dockets."  *Patterson v. Aiken*, 841 F.2d

386, 387 (11th Cir. 1988) (internal quotations and citation omitted).  In such cases, the

Court will not "serve as de facto counsel … or … rewrite an otherwise deficient pleading

in order to sustain an action."  *Appleton v. Intergraph Corp.*, 627 F. Supp. 2d 1342, 1348

(M.D. Ga. 2008) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359,

1370 (11th Cir. 1998)).

As noted, the Plaintiffs' Complaint appears to assert claims against Defendant

BANA related to the Plaintiffs' residential mortgage loan transaction and the subsequent

foreclosure on the property.  However, the vast majority of the Plaintiffs' allegations lack

any basis in law or fact.  The Plaintiffs' Complaint consists almost entirely of a list, with

no accompanying explanation or factual support, of alleged "Violations of Federal and

State Constitutions, Codes, and Case Laws."  (Doc. 1 at 3-4).  The Plaintiffs assert

"Violations" of the: "(1) 4th and 5th Amendments Bill of Rights 1791; (2) General

Accepted Accounting Procedures (GAAP); (3) OCGA 1-1-1 and 1-2-1; (4) Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639, as amended; (5) Fair Debt Collection Practice Act (FDCPA); (6) Constitution of Georgia Article 1 Bill of Rights, Section 1, Rights of the People Paragraph I, II, IV, V, VI, VII, IX, X, XI, XII, XIII; (7) Administrative Procedures Act 1946; (8) Federal National Mortgage Association; (9) Uniform Commercial Code; (10) Numerous Res Judicata Case decisions support the claims by the Holders in Due Course, 'The Saving to the Suitors Clause' at USC 28-133(1); (11) First National Mortgage Bank of Montgomery, Minnesota, Plaintiff vs. Jerome Daly Defendant."  (Doc. 1 at 3-4).

Even taking the Plaintiffs' pro se status into account, the Plaintiffs' claims against Defendant BANA are utterly frivolous and lack any legal foundation.  Although the Plaintiffs may, in fact, have a valid complaint regarding their residential mortgage loan transaction, the Court is unable to construe any viable legal theory or factual basis on which a single one of the Plaintiffs' claims, as asserted, could rest.

Aside from the unusual theories of law under which the Plaintiffs attempt to proceed, when the Plaintiffs do base their claims on an actual federal or state statute, they fail to do so with sufficient particularity to provide fair notice to the Defendant of what the claims are and the grounds upon which the claims rest.  Conclusory allegations that the Defendant violated the UCC or Generally Accepted Accounting Procedures fail to assert the necessary facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, the Court concludes that the Plaintiffs have not satisfied the notice pleading requirement of Rule 8 and have failed to

state a claim against Defendant BANA.  Accordingly, Defendant BANA's Motion to

Dismiss is **granted**, and the Plaintiffs' claims against Defendant BANA are **dismissed**.

       **SO ORDERED,** this 20th day of June, 2012.


                            S/ Marc T. Treadwell
                            MARC T. TREADWELL, JUDGE
                            UNITED STATES DISTRICT COURT