IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARVIN L. WHISBY and COMEIKO R. WHISBY,  )<br>  )<br>  Plaintiffs,  )<br>  )<br>  v.  )<br>  )<br>BANK OF AMERICA, NA, PROMMIS )<br>SOLUTIONS, LLC, and JOHNSON & )<br>FREEDMAN, LLC, )<br>  )<br>  Defendants.  )<br>  ) | CIVIL ACTION NO. 5:12-CV-55 (MTT) |

## ORDER

Before the Court are the Plaintiffs' Motion to Contest, Vacate, and or Set Aside Judgment (Doc. 36), which the Court construes as a Motion for Reconsideration of its prior Order and Judgment (Docs. 30, 31), and the Plaintiffs' Motions for Default Judgment (Docs. 37, 38).

Pursuant to Local Rule 7.6, "Motions for Reconsideration *shall not be filed as a matter of routine practice*." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "[T]o demonstrate clear

error, the party moving for reconsideration must do more than simply restate [their] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

The Plaintiffs have not met this burden.  They have not alleged an intervening change in the law nor presented new evidence previously unavailable to them. Moreover, the Court is not persuaded its ruling was clearly erroneous.  After all, the Plaintiffs voluntarily dismissed their claims against all of the named Defendants (Doc. 26), thus prompting the Order and Judgment about which they now complain. Accordingly, the Plaintiffs' Motion for Reconsideration is **DENIED**.

As to the Plaintiffs' motions for Default Judgment, there are no Defendants left in this case.  The Plaintiffs voluntarily dismissed these proceedings October 9, 2012. (Doc. 26).  After that date, the case remained open only by virtue of the Plaintiffs' then-pending appeal of the Court's Order (Doc. 18) granting Bank of America's Motion to Dismiss.  Once the Eleventh Circuit dismissed that appeal (Doc. 29), no claims or Defendants remained.  Therefore, there is nobody to seek default judgment against. Accordingly, those motions are also **DENIED**.

Further, as this action was previously dismissed, the Plaintiffs' Amended Complaint (Doc. 34) and "Writ of Discovery" (Doc. 35) are improper filings and are **ORDERED** struck from the record.  This case is **CLOSED**.

**SO ORDERED**, this 4th day of February, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT